UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re: ) Case No. 04-14910
)
ROCHELLE LEAH KALSKI, ) Chapter 7
   Debtor. )
) Judge Arthur I. Harris

MEMORANDUM OF OPINION

On April 21, 2004, debtor filed her Chapter 7 petition. On July 29, 2004, the trustee filed a motion for an order on the debtor to pay funds (Docket #13). Specifically, the trustee seeks the turnover of funds in the debtor's checking account on the date the petition was filed, with no reduction for checks the debtor wrote and delivered prepetition but the bank honored postpetition. The parties have stipulated to the facts needed to resolve this dispute (Docket #36). For the reasons that follow, trustee's motion for an order on the debtor to pay funds is granted.

STIPULATED FACTS (DOCKET #36)

1. The debtor filed her case on April 21, 2004.

2. The Reserve Account Line maintained at U.S. Bank had zero owing at the time of filing.

3. Check number 3075 in the amount of $45.00 was dated April 10, 2004, and paid on April 26, 2004.

4. Check number 3080 in the amount of $30.00 was dated April 20, 2004, and paid on April 26, 2004.

5. Check number 3083 in the amount of $1,484.00 was dated April 20, 2004, and paid on April 27, 2004.

6. Check number 3084 in the amount of $226.90 was dated April 20, 2004, and paid on April 27, 2004.

7. Check number 3085 in the amount of $58.00 was dated April 20, 2004, and paid on April 29, 2004.

8. Check number 3086 in the amount of $481.75 was dated April 20, 2004, and paid on April 29, 2004.

9. Dominion Gas on line payment was actually paid April 26, 2004.

10. Phone bill payment on line was actually paid April 27, 2004.

11. Dates the items were honored by the bank are evidenced on the bank statement.

12. The debtor's balance in the debtor's checking account on April 21, 2004 was $3,337.05.

DISCUSSION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on

2

July 16, 1984, by the United States District Court for the Northern District of Ohio. This is a core proceeding in accordance with 28 U.S.C. § 157(b).

The issue before the Court is whether the debtor's estate includes funds for checks the debtor wrote and delivered prepetition but the bank honored postpetition. The stipulated facts indicate that debtor's checking account contained a balance of $3,337.05 at the time of filing, and the trustee asks for turnover of the $3,337.05 as property of the estate. Debtor argues that prior to filing bankruptcy she had written and delivered several checks that reduced the amount of cash in her bankruptcy estate. As the parties have stipulated, these checks were honored after the filing date.

A bankruptcy estate is created immediately upon filing, and all legal or equitable property interests of the debtor are included in the estate. 11 U.S.C. § 541. A debtor is required to turnover property of the estate, 11 U.S.C. § 542, and turnover actions against the debtor can be brought via motion pursuant to FED. R. BANKR. P. 7001(1). A debtor's unauthorized transfer of estate property is subject to avoidance, and the property can be recovered from the transferee or from the debtor. 11 U.S.C. §§ 542, 549, & 550. The debtor in this case made an unauthorized transfer of estate property when she delivered checks to third parties that were only honored after the filing date. According to Sixth Circuit precedent

3

applying the "date of honor" rule, these funds were transferred postpetition and must be turned over to the trustee.

*In re Oakwood Markets, Inc.*, 203 F.3d 406 (6th Cir. 2000), is controlling precedent. Like the present case, *Oakwood Markets* involved the attempted avoidance under Section 549(a) of a transfer by check. The Sixth Circuit determined that the date of honor rule made the most policy sense:

> Oakwood Properties claims that the disputed transfers occurred when it received the checks on March 5, 1996, the day *before* commencement of the debtor's bankruptcy case, and thus are not avoidable under 11 U.S.C. § 549(a). . . .
> We conclude that adoption of the date of honor rule in the context of 11 U.S.C. § 549(a) is appropriate because this rule encourages the prompt submission of checks to the bank, and provides a date certain upon which parties to the transfer can rely and upon which courts can base a ruling in the event of litigation. In contrast, the date of receipt rule leaves too much room for manipulation by the parties to the transaction. . . . As a result, the two disputed transfers that were honored by the debtor's bank on March 7, 1996, the day after the commencement of the debtor's bankruptcy case, were subject to avoidance under § 549(a).

203 F.3d at 409.

A number of other courts have also applied the "date of honor" rule enunciated by the Supreme Court in *Barnhill v. Johnson*, 503 U.S. 393 (1992) (applying "date of honor" rule in preference avoidance action), to Section 549(a) avoidance actions. *See In re Dybalski*, 316 B.R. 312, 316 (Bankr. S.D. Ind. 2004) (*Barnhill* rule "logically and necessarily applies with equal force" in 549(a)

4

action.); *In re Mills*, 176 B.R. 924 (D. Kan. 1994) (same); *In re Rainbow Music, Inc.*, 154 B.R. 559, 561-62 (Bankr. N.D. Cal. 1993).

As the Bankruptcy Court noted in *Dybalski*,

> In the end, it is a debtor's responsibility to make sure that any checks written on the eve of bankruptcy have cleared before the case is filed. While this precaution will not insulate creditors from preference actions, it will shield both creditors and debtors alike from actions to recover estate property under Code §§ 542(a) and 549.

316 B.R. at 317.

## CONCLUSION

Based upon the Sixth Circuit's decision in *Oakwood Markets*, the debtor's estate includes funds for checks the debtor wrote and delivered prepetition but the bank honored postpetition. Debtor is ordered to turn over the sum of $3,337.05 that was present in her checking account on the date of her filing. This opinion constitutes the Court's findings and conclusions of law in accordance with FED. R. BANKR. P. 7052. The Court will issue a separate order consistent with this opinion.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge